UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PIPESLOT, INC.,** | : | CASE No 3:15-1721-CV |
|     Plaintiff | : | |
| | : | **VERIFIED COMPLAINT** |
| V | : | |
| | : | **JURY TRIAL DEMANDED** |
| **MIDBURY INDUSTRIES, INC.,** | : | |
|     Defendant | : | |

**NOW COMES**, Pipeslot Inc. by their attorney Robert A. Saurman, Esq. and respectfully represents as follows:

1. The Plaintiffs, Pipeslot Inc, (hereinafter referred to as "Pipeslot") has filed a Complaint with the Honorable Court against the Defendant, Midbury Industries, Inc., (hereinafter referred to as Midbury), which Complaint is docketed as 3:15 -1783-CV.

2. The Complaint alleges irreparable harm occurring from Defendant's actions in refusing to produce any further product for Pipeslot, as well as in refusing to return the molds, which are the property of Pipeslot and used for the production of products, without which no product may be produced

3. The refusal of Midbury to continue production or turn over these items to Pipeslot are a result of a billing dispute ongoing between the parties.

4. While Pipleslot disputes the amount due and owed, no amount can be paid to Midbury until such time as Pipeslot is able to continue its business operations to the production of its product.

5. Numerous contracts entered by Pipeslot are going unperformed as a result of Midbury's failure to produce the product or release the molds so Pipeslot can make additional products through another vendor.

6. The simple remedy of having any and all proceeds from the production of further products placed into a dedicated account until such time this court determines its appropriate destination would secure Midbury's interest in the matter, while still allowing Pipeslot to continue its business and prevent such company from having to default on existing contracts, and potentially, have to close its doors.

7. This resolution protects the interest of both parties to this action that is reasonable and, without such resolution, irreparable harm will be done to Plaintiff, its business interest, and its business client.

8. Pipeslot avers that it meets all the elements necessary for its enforcement of its agreement as set forth in Tappen Enterprises inc. v. Hardies Food Systems, 143 F.3d 800, 803 (3d Cir. 1998).

**WHEREFORE**, your Plaintiff, Pipeslot respectfully request this Honorable court enter a temporary restraining order against the Defendant, Midbury ordering them to release the molds

necessary for production of Pipeslot's product with the provision that proceeds from any sales made through another production vendor be set into a certified account until such time that this Court resolves the larger issue of the debt between the parties.

                        Respectfully Submitted,

                        By /s/Robert A. Saurman
                        ROBERT A. SAURMAN, ESQUIRE
                        Attorney I.D. No. 79415
                        513 Sarah Street
                        Stroudsburg, PA  18360
                        (570) 421-1406
                        Attorney for Plaintiff